Good morning, Your Honor. Steve Brunell of Green Spoon Margaret on behalf of the appellant Smart Capital, the Smart Capital Entities. I'll be reserving two minutes for my rebuttal. May it please the court. My claim is seeking reversal of the attorney fee awards that were awarded to appellees as the prevailing party under civil code section 1717 and the lease attorney fee provision in the subject lease. Now I'd like to first address what I think are the linchpin or the most litigated issues in this case, which is whether the lease assumption motion was an action on a contract or whether that action was against the other party as required under the lease. Now Penrod provides us a definition of what is on a contract under California law and that is when an action is seeking to enforce or avoid enforcement of the underlying contract terms. That is not what happened in this case because of the unique nature of bankruptcy cases. Simply put, the lease assumption motion was in its administrative motion. It was not a stereotypical two-party dispute between a landlord and tenant. Now the starting point for this analysis is the plain language of the code itself. Under section 365, there's a reference to the trustee. Now as part of the trustee's duties of administering a bankruptcy estate, the trustee must decide whether to assume or reject leases. In chapter 11, as in this case, the appellee undertook those duties as the debtor in possession, the duties to administer the assets of the bankruptcy estate. Now that is bolstered by the standard for assuming leases. A lease can be assumed if it's in the best interest of the bankruptcy estate. Again, the underlying subject contract terms are not an issue in that analysis, that ultimate analysis. It's whether the assumption is in the best interest of the bankruptcy estate. Now an important note is that when the lease assumption happens, the entire lease is assumed. All of the contract terms are assumed as is. So there is no modification of the lease terms in that process. I mean, the nature of the bankruptcy proceeding, wasn't it essentially to determine whether there was a default under the lease? No. The nature of the proceeding was to determine whether my client's rights under Section 365B1 could be triggered and whether the cure compensation and future performance rights could be adjudicated in bankruptcy court. And that's one of the important distinctions that needs to be noted. The other side would paint this as my client trying to enforce its lease default remedies through the lease assumption process. But what's important is even if my client had successfully proven that default had happened, my client still wouldn't have been able to enforce its lease default remedies under the contractual rights. The only rights my client had at that point was under Section 365B1, which would require the debtor to show a cure compensation and future performance. And so in that sense, there's absolutely no way my client was enforcing its lease default remedies. On the flip side of that, Hawkeye was neither enforcing its contractual rights either because the ability to assume a lease does not arise under the contract. That is not a provision of the contract. That is, again, a duty that arises or a power that strictly arises under the bankruptcy code. So again, the rights that are being enforced in this instance are not the underlying contractual rights. They are the rights that arise only under Section 365. Now, obviously, during that process, the parties did refer to the lease. And that's because Section 365 required the parties to do so in relation to the analysis of whether there's a default. Again... If there's a default in an executive contract, then the lease cannot be assumed, right? And so I read this as smart capital's effort to show that there was a default in the contract. Correct. And that was the nature of the proceeding. Under 365B was to show that there was a default in the contract, so it couldn't be assumed. Absent, I guess, adequate assurance. Correct. And again, though, that is not returning to the Penrod definition of what is on a contract under California law. Again, that is not a debate of whether the underlying lease contract terms are enforceable or valid. Again, the lease is being assumed as a whole. Now, had my client, as this Court eventually found that my client did show default, again, my client wouldn't have been able to enforce its lease default remedies, its contract terms. The next step of that analysis would have been solely under Section 365B1, which is, again, the cure compensation and future performance. And so, again, this isn't an administrative motion that all debtors at some point have to decide what to do with their leases. What was the whole point in the bankruptcy court of all the discussion of the default under the lease, right? Wasn't there all kinds of proceedings on whether the tenant had not properly performed under the lease agreement? Yes. And again, Your Honor, those proceedings were based on Section 365B1 because that code section requires an analysis of whether there is a default. Then that triggers the next step of the analysis. Right. But, I mean, the fee provision that the parties have here just talks about relating to the provisions of the lease or any default they're under. So why didn't this at least relate to the provisions of the lease or any default within the meaning of the fee shifting provision? That reading of the lease, the attorney fee provision, is incorrect, and that's the reading that the other side is offering. There's a term inside in that lease provision that says that the proceeding or action has to be against the other. What I am pointing out here is that this proceeding, this lease assumption motion, was not a proceeding against the other. It's an administrative motion. To further bolster this argument, I'd like to... Maybe some motions to assume leases would be so characterized, but how about here where we do have essentially adversarial litigation between two parties to a contract about performance under the contract? Why wouldn't we say that's against the other? Two reasons. One, how heavily contested the lease assumption motion is not one of the elements of whether a lease is on a contract under California law. That is not one of the requirements. Secondly, the bankruptcy court itself did an analysis of other motions that were filed under Chapter 3 of the Bankruptcy Code. Now, Chapter 3 of the Bankruptcy Code is entitled Administration of the Estate. This, Section 365, comes under Subchapter 4 of Chapter 3 of the Bankruptcy Code. Subchapter 4 is entitled Administrative Powers. Now, under that Subchapter 4, there's other provisions such as Section 363, 364, and 365. Now, in the bankruptcy court's memorandum, the bankruptcy court analyzed other motions that were filed under these administrative powers and found that those other motions, although contested by my client, were still administrative motions that should be chalked up to the general administration of the bankruptcy estate, that they did not fall within the proceedings or did not fall within the scope of Civil Code 1717. And so, I would like... Can I ask you a couple of other questions kind of along these lines? In asking whether this was on a contract, is this governed by Code 1717 or is it governed by the terms of the contract or both? Because we have to decide whether... I agree with you that we have to decide is this essentially a contractual dispute enough to be within either of these, either the statute or the contract or perhaps both. So, what do we analyze? The statute or the contract or both? The statute is not independent authority for award of fees. This court has made clear that 1717 makes reciprocal one-way attorney fee provisions. And two, in the event that a party successfully defends against a contract action, it can then, because technically the contract is unenforceable in that instance, it could still recover fees under the attorney fee provisions. Okay, so what is 1717 doing here then? It's doing nothing, Your Honor, and that's been our argument. Even if the elements of 1717 are met, it is not an independent authority. It's still... My client, or excuse me, Hawkeye still needs to satisfy the requirements of the lease itself. And again, our position is that they have not done so because the lease includes that limited term that the action or proceeding must be against the other. Okay, so maybe our presiding judge will allow you an extra minute if I'm permitted to ask you a few more questions. We have this question as to whether it's on a contract or within the terms of the contract, whether it's relating to an action against the other relating to the provision. So there has to be that. I agree with you. If we get past that, there's then a question of who is the prevailing party. Do you contest that if it's an action on a contract that your client was not the prevailing party, or do you have an argument on that? We do. We do contest that finding as well, Your Honor. Okay, what would be the basis for that? So the basis is the Bankruptcy Court's own reasoning and its own memorandum. The Bankruptcy Court specifically stated in its memorandum that had the issue of 361B1 and the cure compensation feature performance been triggered, that really opened the door of whether Hawkeye would have been the prevailing party. Now, ultimately, this court ruled that the court should have done that. And so the Bankruptcy Court, that ruling means that that Bankruptcy Court based its analysis and its award of fees on legal error, and that on the underlying proceeding, it should have advanced to that secondary stage of analysis, which would have opened up the door of whether, ultimately, it was the ultimate party. So obviously, the Bankruptcy Court was operating at a time when we had yet to issue our first decision in this case. So it didn't have the benefit of that. But now we're here. We have Penrod, which says essentially, if you prevail under bankruptcy law, you're still considered prevailing. So why wouldn't the other side be considered prevailing here, given that they prevailed on this motion to assume the lease? What my client was trying to, the objective of my client, the underlying litigation, was to trigger the protections of Section 361B1. Had the Bankruptcy Court correctly analyzed the default issue, my client would have been successful in achieving those protections. Now, to allow a debtor to assume a lease, because again, irrespective of any lease breach defaults, again, my client cannot enforce its lease default remedies. Wasn't your client seeking more than just adequate assurances? This seems like a lot to go through just to get the assurances. I thought in the prior, in the bankruptcy litigation and the prior appeal, your client was asking for quite a bit more than that. What my client was asking was, again, Section 365B1 protections, that there was a variety of issues that were litigated as far as breaches. Yes, there were a variety of breaches that were litigated. Okay, I have one just quick question for you, and if I may, Presiding Judge Ikuda, if we get past all these issues, if it's an action on a contract and the other side is prevailing, do you dispute the amount of fees? We have a few different fee awards. Is there any dispute as to the amounts? We did dispute the amounts in the underlying proceedings. At this point, we've focused our arguments on the overall awards. I didn't see it. It seems like you're either arguing we get, they get zero, or if you don't prevail, they get what they're asking for. Again, we did dispute certain amounts, Your Honor, in the lower courts. At this stage, we were just disputing the entire award. Okay, thank you. We took you way over your time, but I'll give you a minute of rebuttal. Thank you, Your Honor. Good morning. Philip Toomey on behalf of the appellee and tenant. I think the one item that we all have agreement on is Penrod Controls, this entire situation. And I think there's three points that we would like to emphasize initially. One is, this assumption motion was anything but a routine assumption motion. We hear things from the landlord along the lines that this was purely administrative. This had very little to do with the administration of the bankruptcy code. It had everything to do with the factual issues as to whether or not nine breaches occurred under the lease. There was a 15-day notice and then a three-day notice that had been served on a tenant. All of those items that were listed within those notices, as is shown in the record, had to do with breaches that arose under the lease. We had the landlord requested that this matter be a contested, a fully contested matter. We had over a year of discovery related to nothing related to 365, everything related to whether or not breaches had occurred under the lease. We had a five-day trial in this case, nothing related to 365, everything related to whether or not breaches had occurred in this lease. So I think that we start with this idea that, what was at issue in this case? I mean, if we just take a step back and look at it from a common sense perspective, what was at issue in this case is whether or not the tenant had breached anything under this lease. That is what was tried. That is what they had requested a contested hearing on. And that's what the tenant prevailed at in the bankruptcy court hearing. Now, they do raise the point, and I think it is important to say that the bankruptcy court did parcel out certain parts of the bankruptcy case that were in fact related solely to bankruptcy issues, and we didn't get attorney's fees on those. The bankruptcy court gave us attorney's fees on the items that were contested in terms of breaches of the lease. And I think that it's important to point out at this point in time that that has been reviewed by this court, it's been reviewed by the United States District Court, and it's been reviewed by the bankruptcy court, and all three courts have been consistent on that point. If we want to talk about what the litigation objectives were in this case, I think that the obvious point is that the landlord wasn't seeking this minor 365 issue that they just talked about, because as this court has previously determined, all we could do as the tenant was promise not to do this again. That's not protection. I mean, that's illusory. What they were doing is they were seeking a forfeiture of the lease based upon specific defaults. And the entire trial, I will tell you this, the entire trial from the bankruptcy court related to those and other alleged defects at the bankruptcy court. And I do think it's important sometimes to focus on the language that appears in both memorandum opinions and in opinions. The bankruptcy court said that the defaults seem to keep coming and that some of them are referred to be rather made up. Though, I think that's significant language. That is what this case was all about. The landlord was attempting to get out from underneath what this court previously has placed in an opinion and the bankruptcy court previously said was an under market lease. That was their litigation objective. And what was the litigation objective on behalf of the tenant? Was to protect. So we wanted to maintain possession of the lease. We wanted to maintain our right of quiet enjoyment under the lease. That was our litigation objective. So when we look at the litigation objective to the two sides, it's not this minor promise not to do this again. It really has everything to do with whether or not defaults occurred. The bankruptcy court was required to have a hearing, was required to have evidence presented, was required to have witnesses presented, all to determine whether or not those defaults had occurred. The bankruptcy court entered a factual finding which differentiates this from a pure administrative proceeding. Had the only issue that was decided by the bankruptcy court was whether or not adequate assurances. Say we walked in like a boss type of situation. We walked in and said everybody agrees a breach occurred. Then all we're talking about is adequate assurances. I would agree that's purely an administrative action of the bankruptcy court. But that's not what happened here. What happened here was a fully contested, at the request of the landlord, factual determination as to whether or not breaches of the lease occurred. And to be honest with you, they didn't prevail at that at all. Well there's a kind of an oddity a little bit, excuse me, that the bankruptcy court has a certain impression of what character, what counted as a material default and we ruled on the basis of the cure. And so we affirmed on another ground. And does that change the question of who's prevailing? I don't think it changes it at all. I don't think it changes at all because the key issue in my mind is breach. Whether or not there was a proven breach at the time in front of the bankruptcy court or not. And I think that even this court made a determination that the bankruptcy court committed harmless error by inserting the word material in front of it. But this court did not say that the bankruptcy court erred in finding that there was no breaches of the lease. The other thing that I just would like to point out is that there have been also three courts that have taken a look at the 1717 issue and whether or not attorney's fees are appropriate, including this court. And all three of those courts have taken the same position, which is 1717 does apply and that the tenant as the appellee is entitled to attorney's fees. That's a rather significant, I think that's rather significant in terms of the overall perspective. When you're referring to this court, are you talking about Penrod? No, no, no. I'm talking about the fact that we made a motion in front of this court after we had the, after this court made its ruling on the appeal. Well, we sent that back to the district court, not we, but this court did. The ruling of this court is that our request for attorney's fees was granted and the matter was transferred back to the 9th, I'm sorry, to the U.S. District Court for a determination of what the appropriate amount was. That is the ruling. Are you referring to the panel hoarder saying that the appellee's motion for attorney's fees on appeal, a motion to transfer motion for attorney's fees on appeals are granted and it's your position that the 9th Circuit panel granted the motion for attorney's fees. Is that correct? Just from a common sense reading of that motion, yes. And then the transfer was for the district court to determine the appropriate amount of fees, correct? That is correct because we, at that time, in front of the United States, I mean there are so many multiple, at any given time, there's so many motions pending on this matter. The U.S. District Court had in front of it appeals and including appeals on attorney's fees. So what we had requested was, specifically requested, is that this court transfer that back to the U.S. District Court who was in a better position to determine overall what would it be appropriate amount of attorney's fees. There was a motion for reconsideration, wasn't there? There was a motion for reconsideration and that was denied by this panel. Okay. I'm sorry, not by this panel, by this court. Yeah. And then the final thing is, is I just, I want to look at the whole issue of Penrod and talking about what's a prevailing party. And I think that the interesting thing about Penrod and the two subsequent cases, Boss, which doesn't deal with 365, deals with another provision, and the Curtis case really is a common sense ruling, common sense. Who is the prevailing party? Who obtained their litigation objective? And I think if you look at it from a very simple perspective, it was the tenant who, we were able to maintain possession of the lease, a lease that in this court's opinion and in the bankruptcy court's opinion, there was both recognition that the landlord has an under-market lease. And I don't, when I read an appellate court decision, I don't think there are any useless words in there or words that are just thrown in. I think it's important to note that at least two courts have recognized that the landlord's position is that they have an under-market lease. And I think that there's some significance in those words being put into the opinion. So the landlord's objective was to get out of the lease. The tenant's objective was to protect that valuable asset, to keep it in the estate, and to be allowed to retain possession. All of those were issues that were determined under the contract. All of those were issues that were determined under the lease. In fact, if the landlord is not able to show that there's been a breach of the lease, we never get to the 365 issues. And those were the issues that were tried, whether or not there were breaches. I'm open for questions, if you have any. Apparently not. Thank you. Thank you, ma'am. Thanks. We'll give you a minute for rebuttal. The point of whether the lease assumption motion was contested or heavily contested is disingenuous, because they agreed to those procedures. At Supplemental Excerpts of Record 141, even before my client filed its opposition, the parties were already in discussion to agree to a procedure of this. So it wasn't like this procedure was forced upon them. They agreed to this matter being contested. Now, again, whether it's a heavily contested matter is not an element of action on a contract under California law. It's simply not an element. Again, the focus, as Penrod states, is whether the underlying contract terms and the enforceability of those underlying contract terms are at issue. Again, that was not at issue here. What was at issue was whether Section 365b1 could be triggered. Now, as far as the argument, I do want to mention that as far as other code sections are mentioned, it is our position that fee awards cannot be granted under those other sections. Because, again, those other sections, such as 1021, 1033, 1033.5, give effect to the language of the underlying contract. And in this case, again, the lease assumption motion does not satisfy the requirement that the proceeding, which was an administrative motion, be against the other party. Your overtime, please wrap up. Thank you for your consideration. Thank you. Okay, the case of smart capital investment versus Hawkeye Entertainment has submitted.
judges: IKUTA, BRESS, Bastian